# UNITED STATES EX REL. DUNKLEY COMPANY *v.* EWING.

PATENTS; INTERFERENCE; PRIORITY; MANDAMUS.

1. An award of priority in interference does not necessarily entitle the party in whose favor it is made to a patent. (Following *Sobey* v. *Holsclaw*, 28 App. D. C. 65; *Burson* v. *Vogel*, 29 App. D. C. 388; *Gueniffet* v. *Wichtorsohn*, 30 App. D. C. 432; and *Norling* v. *Hayes*, 37 App. D. C. 169.)

2. Mandamus cannot be made to perform the function of an appeal or writ of error, and it will not ordinarily be granted if there is another legal remedy, nor unless the duty sought to be enforced is clear and indisputable. (Citing *Moore* v. *United States*, 40 App. D. C. 591.)

3. Mandamus will not issue to control the manner in which the Commissioner of Patents shall exercise his jurisdiction in proceedings before him, where an appeal to correct any errors therein committed will lie to this court. (Citing *Billings* v. *Field*, 36 App. D. C. 16.)

No. 2637. Submitted March 5, 1914. Decided April 6, 1914.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia dismissing a petition for a writ of mandamus against the Commissioner of Patents. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree in the supreme court of the District dismissing appellant's petition for a writ of mandamus against the appellee, the Commissioner of Patents. The hearing was upon petition and answer.

The material facts are substantially as follows: The appellants are the owners by assignment of an application for a patent for a fruit peeling machine, filed November 29, 1904, No. 234,715. After this application was ripe for patent, an interference was declared between it and patent No. 864,944, dated

September 3, 1907, for a similar device, which was issued to the California Fruit Canners' Association, as assignee of Hermanus A. Beekhuis, the inventor. Priority of invention was awarded to Beekhuis by the Commissioner, and from this decision an appeal was prosecuted to this court, the result being a reversal of the decision and an award of priority to the appellant *Dunkley* v. *Beekhuis,* 39 App. D. C. 494. Thereupon the canners' association, without surrendering or offering to surrender its said patent, was permitted to file a protest in the Patent Office against the issuance of a patent to appellant, the ground of the protest being that the invention had been in public use for more than two years prior to the date of appellant's application. This protest came on for hearing, and an order was made by the Commissioner for the taking of the testimony of witnesses in California. One of the law examiners of the Patent Office was detailed "to represent the Patent Office and conduct the proceedings," and the protestant was notified to produce its witnesses to substantiate its allegation of public use, and was "invited to be represented by counsel to assist in the examination of the witnesses." The appellants were also "invited to be present and to cross-examine the witnesses," and an opportunity was also afforded them to introduce evidence. Appellants objected to this proceeding, contending that it was "illegal, contrary to law, and not in accordance with any statute or rule duly and legally enacted by any authority whatsoever." The objection proving unavailing, the petition herein was instituted, praying, first, that the Commissioner be directed "at once to discontinue all proceedings entitled in the Protest of the California Fruit Canners' Association, and entitled as 'Public Use Proceedings,' and to vacate all orders relative thereto;" second, that the Commissioner be directed to proceed according to law and according to the Patent Office rules, and that the application be forwarded to the principal examiner for further proceedings.

*Mr. William S. Hodges* and *Mr. Fred L. Chappell* for the appellants.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

Appellants concede what has many times been ruled by this court, that an award of priority does not necessarily entitle the party in whose favor the award is made to a patent. *Sobey* v. *Holsclaw,* 28 App. D. C. 65; *Burson* v. *Vogel,* 29 App. D. C. 388; *Gueniffet* v. *Wictorsohn,* 30 App. D. C. 432; *Norling* v. *Hayes,* 37 App. D. C. 169. The *jurisdiction* of the Commissioner in the premises, therefore, is not questioned. The ground of attack is the manner of the exercise of that jurisdiction. In other words, the real contention of appellants is that if the Commissioner is permitted to proceed in the manner indicated, he will commit error. It is apparent at once that appellants overlook the fact that mandamus cannot be made to perform the function of an appeal or writ of error, and that it ordinarily will not be granted if there is another legal remedy, nor unless the duty sought to be enforced is clear and indisputable. *United States* v. *Duell,* 172 U. S. 576, 43 L. ed. 559, 19 Sup. Ct. Rep. 286; *Moore* v. *United States,* 40 App. D. C. 591. In *Ex parte Newman,* 14 Wall. 152, 20 L. ed. 877, the court said: "Superior tribunals may by mandamus command an inferior court to perform a legal duty where there is no other remedy, and the rule applies to judicial as well as ministerial acts, but it does not apply at all to a judicial act to correct an error, as where the act has been erroneously performed. If the duty is unperformed, and it be judicial in its character, the mandate will be to the judge directing him to exercise his judicial discretion or judgment, without any direction as to the manner in which it shall be done; or if it be ministerial, the mandamus will direct the specific act to be performed." Thus, in *United States ex rel. Steinmetz* v. *Allen,* 192 U. S. 543, 48 L. ed. 555, 24 Sup. Ct. Rep. 416, relied upon by appellants, the Primary Examiner had declined to forward an appeal prayed by the petitioner to the Board of Examiners in Chief to review the ruling of the Examiner requiring petitioner to cancel certain of his claims.

It appearing that the only way the petitioner could receive adequate protection was by compelling the Examiner to forward the appeal as the law required, mandamus was allowed. The court pointed out that if the petitioner had yielded to the rule requiring the cancelation of certain of his claims, he necessarily would have given up his right to join those claims in one application, and that if he had not yielded to the rule, he could not have been heard at all; and that a ruling having such an effect was to be considered as final and appealable. There was therefore a plain duty which the Patent Office refused to perform.

In the instant case it is conceded that a right of appeal will lie to this court to correct any error that may be committed by the Commissioner in the determination of the question before him. The Commissioner having jurisdiction, and a plain and adequate remedy by appeal being open to appellants, we are not at liberty to determine in advance, through mandamus proceedings, in what manner the Commissioner shall exercise his jurisdiction. *Billings* v. *Field,* 36 App. D. C. 16. It well may be that a defeated party in an interference proceeding ought not to be permitted, except in a very unusual and plain case, to assume such an inconsistent position as the protestant in the present case has apparently assumed, and by so doing, prolong the litigation and add to the already heavy burdens of the party in whose favor the award of priority has been made. But that is a question for the Commissioner, and not for this court.

The decree will be affirmed, with costs.          *Affirmed.*