## UNITED STATES v. COOK.

Circuit Court of Appeals, Fifth Circuit.
June 14, 1927.

No. 5056.

Criminal law ⊙⟹1001—Grant of probation to convict serving sentence held not authorized, after expiration of term of court at which judgment was rendered (Comp. St. §§ 10529 et seq., 10535 et seq.; Probation Act [Comp. St. § 10564⅘]).

Under Probation Act March 4, 1925 (Comp. St. § 10564⅘), District Court has no jurisdiction to grant probation to convict serving sentence in prison under judgment rendered at a previous term of court, in view of absence of express statement to that effect in statute and existence of Parole Act, as amended by Act Jan. 23, 1913 (Comp. St. § 10535 et seq.), and of Comp. St. § 10529 et seq.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Application for probation by Frederick A. Cook. Application granted, and the United States brings error. Reversed and rendered.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex. (J. Forrest McCutcheon, Asst. U. S. Atty., of Fort Worth, Tex., on the brief), for the United States.

H. C. Wade and Sam R. Sayers, both of Fort Worth, Tex. (Sam J. Callaway and John E. McGinness, both of Fort Worth, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. In November, 1925, Frederick A. Cook was convicted in the United States District Court for the Northern District of Texas under an indictment charging him with using the United States mails in executing a scheme to defraud, and was sentenced to serve in the United States penitentiary at Leavenworth, Kan., a total of 14 years and 9 months, and to pay a fine of $1,000 on each of the 12 counts on which he was convicted. That judgment of conviction was affirmed by this court in February, 1925. Pursuant to an application made by Cook in February, 1927, while he was confined in that penitentiary and serving the sentence of imprisonment imposed upon him, the court in which he was convicted made an order suspending the execution of said sentence, revoking the order of commitment under which Cook was held in the penitentiary, and placing him on probation for a period of 5 years.

The court was without power to make that order, unless power to make it was conferred by the Act of March 4, 1925, entitled "An act to provide for the establishment of a probation system in the United States courts, except in the District of Columbia." 43 Stat. 1259 (Comp. St. § 10564⅘). The power to place upon probation is conferred by the following part of section 1 of that act:

"That the courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public,' as well as the defendant, will be subserved thereby, shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon probation in the manner aforesaid. The court may revoke or modify any condition of probation, or may change the period of probation: Provided, that the period of probation, together with any extension thereof, shall not exceed five years."

It is not to be doubted that a principal purpose of that act was to confer on designated federal trial courts the power to suspend the imposition or execution of sentence in criminal cases, the lack of which power was strikingly brought to public notice by the decision in Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355. The enactment of the statute was evidence of the conclusion of the lawmakers that the trial courts mentioned should have the power, by suspending the imposition or execution of sentence, and placing the defendant on probation, to give him an opportunity to prove by his conduct that the ends of justice and the best interests of the public, as well as the defendant, will be subserved by postponing the imposition or enforcement of the penalty for the offense of which he was guilty.

That statute cannot properly be given the effect of changing the law which was in existence when it was passed, except so far as the language used discloses an intention to make a change. The law then in existence included the rule that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term, or the court's control of the case in which the judgment was rendered is retained in some authorized way (United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872), the Parole Act, providing for the release on parole of prisoners convicted of an offense against the United States and confined in a United States Penitentiary or prison in execution of a judgment of conviction for a definite term or terms of over one year, or for the term of his natural life (36 Stat. 819, amended by 37 Stat. 650, Comp. Stat. § 10535 et seq.), and other statutes providing for the release of prisoners before the expiration of the terms of imprisonment for which they were sentenced (Comp. Stat. § 10529 et seq.).

Nothing in the Probation Act indicates an intention to change the law as to the effect of the expiration of a term of court on the court's control or jurisdiction of a case in

which a final judgment was rendered during that term. The statute is in the usual form of one conferring a new power on a court with respect to cases that may be pending before it for judicial action. Certainly it is not ordinarily to be implied that a power so conferred is exercisable in a case which has passed beyond the court's control by the rendition of a final judgment and the expiration of the term during which such judgment was rendered. The language used in conferring the power to suspend the imposition or execution of sentence, and to place the defendant upon probation, "after conviction or after a plea of guilty or nolo contendere," is entirely consistent with the absence of any intention to authorize the exercise of that power after the expiration of a term during which a final judgment of conviction was rendered. It well may be inferred that the language of the act would have been different if the lawmakers had intended to change, as to the subject dealt with, the law with respect to the effect on a court's jurisdiction or control of a case of the expiration of the term during which that case was disposed of by a final judgment.

Nothing in the language of the Probation Act indicates an intention to change or add to the existing laws on the subject of releasing, before the expiration of the time for which they were sentenced, persons confined in execution of judgments of conviction of offenses against the laws of the United States. Before that act was passed Congress, by the enactment of the Parole Act and other statutes above referred to, had adopted a plan for dealing with that subject. Those statutes disclose the intention of the lawmakers with reference to shortening terms of confinement entered upon by convicted persons. To that end limited powers are conferred. In view of the existence of those statutes, and of the absence from the Probation Act of any reference to them, or to the subject of releasing from imprisonment persons who have already begun to serve sentences imposed, the conclusion is warranted that the lawmakers did not intend the Probation Act to empower the courts mentioned to make such an order as the one now in question.

If the Probation Act authorized the making of such an order, each court exercising the power granted may, as to any imprisoned convict, set at naught the limitations and restrictions of the parole and commutation statutes, leaving the system established by those statutes in force only so far as each of the courts mentioned, in the exercise of an unrestricted discretion, may permit it to re-

main in force. We do not think that the language of the Probation Act justifies the conclusion that it was intended to deal with the subject of releasing from imprisonment a person confined in execution of a judgment of conviction rendered at a term of court which has expired, or that it changed, modified, or to any extent repealed or superseded the statutes dealing with that subject.

Very conflicting views as to the meaning and effect of the Probation Act have been expressed by the different courts which have had occasion to consider it. We shall not attempt to comment on the opinions which have been rendered on the subject. The following are some of the cases referred to: Nix v. James (C. C. A.) 7 F.(2d) 590; United States v. Nix (D. C.) 8 F.(2d) 759; Kriebel v. United States (C. C. A.) 10 F.(2d) 762; Evans v. District Judge (C. C. A.) 12 F.(2d) 64; United States v. Chafina (D. C.) 14 F.(2d) 697; Archer v. Snook (D. C.) 10 F.(2d) 657; Mouse v. United States (D. C.) 14 F.(2d) 202; United States v. Young (D. C.) 17 F.(2d) 129.

The order under review is reversed, and the application in pursuance of which it was made is denied.

Reversed and rendered.