**LAUGHLIN v. REYNOLDS et al.**

**No. 10851.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 15, 1952.

Decided May 1, 1952.

James J. Laughlin, pro se, and Albert J. Ahern, Jr., Washington, D. C., for appellant.

Bruce G. Sundlun, Sp. Asst. to Atty. Gen., Department of Justice, with whom George Morris Fay, U. S. Atty. at the time the brief was filed, and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Charles M. Irelan, U. S. Atty. at the time of argument, Washington, D. C., also entered an appearance for appellee.

Before CLARK, WILBUR K. MILLER, and FAHY, Circuit Judges.

CLARK, Circuit Judge.

Appellant filed an action in the nature of a petition for a writ of mandamus to require the Commissioner of Public Buildings to evict the Bar Association of the District of Columbia from certain space occupied by the Association for library purposes in the building which houses the United States District Court for the District of Columbia. The District Court dismissed the action.

Appellant placed his primary reliance upon the provisions of Title 40, Section 19, U.S.C.A.,[1] and as an alternative, in the event control of the building should not be in the Commissioner of Public Buildings but in the Attorney General of the United States, he asked the same relief against the Attorney General. It will not be necessary to decide the question of control, as between these officials, since by its very nature mandamus will not lie.

■ Because of the extraordinary nature of the remedy, the courts will always proceed with great caution before granting relief in the nature of mandamus. The person seeking relief must have a clear right to the performance of the act sought to be commanded. Supervisors v. United States, 1873, 18 Wall. 71, 85 U.S. 71; Ex parte Cutting, 1876, 94 U.S. 14, 24 L.Ed. 49; State of Louisiana v. McAdoo, 1913, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506; United States ex rel. Girard Trust Co., Trustee v. Helvering, 1937, 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 1272. And the relief will be granted " * * * only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined." United States ex rel. McLennan v. Wilbur, 1931, 283 U.S. 414, 420, 51 S.Ct. 502, 504, 75 L.Ed. 1148.

■ . Applying the first of these two tests, we find that appellant is an attorney admitted to practice before the bar of the United States District Court for the District of Columbia. It is also reasonable to assume that he is a taxpayer. As a member of the bar, an attorney is an officer of the court charged with certain duties. In the discharge of those duties he may well ask for the reasonable cooperation and assistance of the court organization. He may have reasonable access to the files and records, and he may also have access to the parts of the court building designated for the use of counsel, the trial of cases, and for certain other purposes. But he does not have the right or power to designate what portions of the building shall be so used, nor does he have the right or power to direct the manner in which other parts of the building not so designated may themselves be used. Neither may he call upon the court to order some use of the building or part thereof which to him may seem desirable. To permit such power in the hands of any chance member of the bar who might wish to employ it would be to ignore the basic principles of good management and would place the efficiency and authority of the court at the mercy of individual interest, whim, or even rancor. As a member of the bar of the District Court, appellant enjoys reasonable use of the facilities of that court along with his brothers at the bar, and he has no standing to challenge the manner in which specific parts of the facilities may be

1. 40 U.S.C.A. § 19: "The Federal Works Administrator shall have charge of the public buildings and grounds in the District of Columbia, under such regulations as may be prescribed by the President, except those buildings and grounds which are otherwise provided for by law; and when it shall be made to appear to the said Federal Works Administrator, or to the officer under his direction having immediate charge of said public buildings and grounds, that any person or persons is in unlawful occupation of any portion of said public lands in the District of Columbia, it shall be the duty of said officer in charge thereof to notify the marshal of the District of Columbia in writing of such unlawful occupation, and the said marshal shall thereupon cause the said trespasser or trespassers to be ejected from said lands, and shall restore possession of the same to the officer charged by law with the custody thereof." Subsequent legislation has placed this duty in the Commissioner of Public Buildings.

utilized. That he has no standing to enter such a challenge as an individual taxpayer is clear from the principles enunciated in Massachusetts v. Mellon, 1923, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078.

Since appellant has no clear right upon which to ground relief in the nature of mandamus, we need not decide whether the statute relied upon imposes a peremptory, ministerial duty to act or requires the exercise of discretion in its application. Accordingly, the action of the District Court in dismissing appellant's petition is Affirmed.