### UNITED STATES ex rel. ROBINSON v. BAR ASS'N OF DISTRICT OF COLUMBIA.

#### No. 10909.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 15, 1952.

Decided May 8, 1952.

James J. Laughlin and Albert J. Ahern, Jr., Washington, D. C., for appellant.

Godfrey L. Munter, Washington, D. C., with whom John L. Laskey, Washington, D. C., was on the brief, for appellee.

Before CLARK, WILBUR K. MILLER, and FAHY, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a ruling of the United States District Court for the District of Columbia dismissing a complaint in which appellant sought to have the corporate charter of appellee revoked on the ground that it had abused and misused its charter in systematically excluding Negroes from membership, or in the alternative, that the Bar Association be compelled to admit appellant to membership.

In its opinion the court discussed the provisions of the District of Columbia Code (1940 ed.) dealing with revocation of corporate charters. It was held that under the statute [1] quo warranto was not applicable because it is only available against a person who unlawfully holds a public office or an office in a domestic corporation, or against a person or persons who unwarrantedly claim corporate status. Appellee is none of these. Neither may appellant seek to revoke the charter of the Bar Association under Title 29, Section 719, of the D.C.Code (1940) since Congress expressly provided that any proceedings thereunder must be initiated by the United States District Attorney,[2] and no provision was made by means of which a citizen might bring such action upon failure or refusal of the District Attorney to do so. We agree with the District Court.

[1] Title 16, Section 1601: "A quo warranto may be issued from the District Court of the United States for the District of Columbia in the name of the United States—

"First. Against a person who usurps, intrudes into, or unlawfully holds or exercises within the District a franchise or public office, civil or military, or an office in any domestic corporation.

"Second. Against any one or more persons who act as a corporation within the District without being duly authorized, or exercise within the District any corporate rights, privileges, or franchises not granted them by the laws in force in said District.

"And said proceedings shall be deemed a civil action. (Mar. 3, 1901, 31 Stat. 1419, ch. 854, § 1538.)"

[2] Title 29, Section 719: "Whenever the district attorney of the United States for the District of Columbia shall become satisfied that any corporation organized under the laws of said District has been guilty of such misuse, abuse, or nonuser of its corporate powers and

Since appellant is not eligible to seek revocation of the corporate charter, we turn to his alternative prayer for relief in the nature of mandamus requiring the Association to admit him to membership. The lower court refused to enter such an order, holding that an association has a right to choose it members.

 In his original and amended complaint appellant set forth that the Bar Association had "abused and misused its charter *by usurping* [emphasis supplied] * * * space in a public building to maintain a library without compensation to the United States Government" and by collecting a fee for use of the library by persons denied membership in the Association. Now, on appeal, appellant seeks to attach an entirely different significance to his argument from the view he emphasized in the District Court.

Essentially, he now argues that the Bar Association is *permitted* to maintain its library in the District Court building without payment of rent for the space so used, and thereby is so far the recipient of federal aid that it cannot exercise free choice in its selection of members. He concedes that without federal aid the Association would be completely free to choose. (Brief, p. 5).

What appellant does not mention—and on argument did not refute—is that the Bar Association extends free use of the library and reading rooms to the Attorney General of the United States, the United States Attorney for the District of Columbia, the Corporation Counsel for the District of Columbia, and their assistants, as well as to the judges and clerks of the courts of the District of Columbia. By maintaining the library, and through its cooperation with the courts and the various governmental counsel in the use of the library, the Bar Association fills a distinct need and performs a service to the community, and the reciprocal conduct of the government in permitting use of space does not, in our view, constitute federal aid to the Association.

Without question, the Bar Association is a private corporation, and its policies and conduct remain those of its membership, subject, of course, to those laws and regulations which pertain to the conduct of a corporation of its type.

With regard to the space itself, and the manner of its use, as was brought out in argument and acknowledged by appellant (Brief, p. 4), full use of the library facilities—books and reading rooms alike—is open to all members of the Bar in good standing, whether or not they are members of the appellee Association, upon payment of a fee designed to defray in part the expense of replacements and additions to the reference materials. Beyond the perfectly reasonable requirement of membership in the Bar, in good standing, there is no discrimination practiced in the use of government space, but instead a valuable and essential facility is made available to the profession and the courts at little cost or sacrifice by the government.

Affirmed.

FAHY, Circuit Judge (concurring).

I concur in the result. Relief by way of forfeiture of the charter of the appellee would not be an appropriate remedy for denial of membership and the complaint fails to show that appellee is a public or

franchises, or such violation of law as would authorize and make proper the forfeiture of its charter, corporate powers, and franchises, the said district attorney shall file in the District Court of the United States for the District of Columbia a petition in the name of the United States, setting forth, fully and in detail, the alleged abuse, misuse, or nonuser by reason whereof such forfeiture is sought, which petition shall be supported by affidavits of credible persons; and upon the filing of such petition the said court shall lay a rule requiring such defendant corporation to show cause, within such time as the court may deem proper, why a decree should not issue as prayed in said petition, a copy of which rule and petition shall be served on said corporation by a day therein limited. (Mar. 3, 1901, 31 Stat. 1319, ch. 854, § 786.)"

quasi-public corporation essential to the relief he seeks through admission to membership.

With respect to forfeiture of charter because of appellee's occupation of space in the courthouse appellant does not have standing to obtain such relief. See Laughlin v. Reynolds, Commissioner of Public Buildings, 90 U.S.App.D.C. ——, 196 F.2d 863. In this connection it appears that the library facilities which occupy the space in question are available to appellant upon terms which appear reasonable insofar as the facts before us disclose.