UNITED STATES of America, Petitioner,

v.

Honorable James M. CARTER, Respondent.

No. 16522.

United States Court of Appeals Ninth Circuit.

Sept. 21, 1959.

W. Wilson White, Asst. Atty. Gen., Gerald P. Choppin, Harold H. Greene, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., for petitioner.

Harry D. Steward, Marvin J. Mizeur, Max Lercher, Barton C. Sheela, San Diego, Cal., for respondent.

Before HAMLEY, HAMLIN, and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge.

In this mandamus proceeding the United States seeks to vacate district court orders suspending the imposition of sentence and granting probation in three narcotics cases.

The Government contends that the suspension of the imposition of sentences and the granting of probation in these cases is forbidden by 26 U.S.C.A. § 7237 (d). Respondent contends that mandamus is not an available remedy, but that, if it is, such relief should nevertheless be denied as an exercise of sound discretion. Respondent further asserts that the suspension of the imposition of sentences and the granting of probation in these cases is authorized by the Federal Youth Corrections Act, 18 U.S.C.A. § 5010(a).

On June 16, 1958, two eighteen-year-old boys were convicted on pleas of guilty of the crime of smuggling marijuana, in violation of 21 U.S.C.A. § 176a. In judgments entered on that day, each of them was adjudged to be a "youth offender."[1] In each judgment the imposition of sentence was suspended and the defendant was placed on probation for a period of five years.[2]

Sometime prior to March 30, 1959, the date not being disclosed in the record before us, the Government moved, under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A., to correct the judgments entered on June 16, 1958. It was the Government's contention, which it renews here, that the power given to district courts to suspend the imposition of sentence and to grant probation, as referred to in the Federal Youth Corrections Act, 18 U.S.C.A. § 5010(a), was withdrawn with regard to these narcotics law offenses by a provision of the Narcotics Control Act of 1956, 26 U.S.C.A. § 7237(d).[3]

---

1. The term "youth offender" is defined in the Federal Youth Corrections Act, 18 U. S.C.A. § 5006(e) as "a person under the age of twenty-two years at the time of conviction."

2. It is recited in each judgment that the granting of probation is "on condition that he obey all laws, Federal, State and Municipal, that he comply with all lawful rules and regulations of the Probation Department, report regularly and keep them advised of his residence, and employment, that he does not use or associate with known users of or dealers in barbiturates, marihuana or narcotics in any form, and that he does not enter Mexico nor approach the Mexican Border without permission from the Probation Department * * *."

The closing provisions of the two judgments vary. In one it is provided that the defendant "avail himself of the offer of Mr. Simmons and go to the ranch and follow gainful employment there unless he goes to school in which event he shall attend regularly." In the other it is provided that the defendant "get a job and maintain regular employment."

3. These two statutory provisions read as follows:
18 U.S.C.A. § 5010(a): "If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation."
26 U.S.C.A. § 7237(d): "Upon conviction—

On March 30, 1959, a nineteen-year-old girl was convicted on a plea of guilty of the crime of illegal importation of narcotics, in violation of 21 U.S.C.A. § 174. In a judgment entered on that day, she was adjudged to be a "youth offender." The imposition of sentence was suspended and the defendant was placed on probation for a period of five years.[4]

Immediately after the entry of this judgment, and on the same day, the Government moved to correct it. The same grounds were asserted as were advanced in the like motions to correct the judgments of June 16, 1958. All three motions were considered by the district court on March 30, 1959, and were on that day denied.

In the latter part of June 1959, the Government moved in this court for leave to file a petition for a writ of mandamus to review the action of the district court in suspending the sentences and granting probation in these cases. The motion was heard ex parte and granted on July 1, 1959, on which date an order to show cause was issued returnable on August 7, 1959. The matter was on that date submitted on the briefs and oral arguments of the parties.

In petitioning for the issuance of a writ of mandamus, the Government seeks to invoke the "All Writs Act," 28 U.S.C.A. § 1651. It is contended that 18 U.S.C.A. § 3731, which provides the only statutory authority for a Government appeal in a criminal case, contains no provision for an appeal from an order suspending sentence and granting probation or from the denial of a motion to correct sentence. In these circumstances, the Government argues, a writ of mandamus may issue as an exercise of appellate jurisdiction.[5]

■ The respondent does not contest the Government's contention that where an appeal is unavailable under 18 U.S.C.A. § 3731, mandamus is an appropriate remedy available to the Government. It is respondent's view, however, that an order suspending the imposition of sentence and granting probation is appealable under § 3731 "because it has the effect of arresting the judgment of conviction."[6] Calling attention to the familiar rule that mandamus may not be used as a substitute for appeal,[7] respondent argues that mandamus is not available as an alternative remedy.

■ Respondent further contends, and the Government concedes, that if manda-

"(1) of any offense the penalty for which is provided in subsection (b) of this section, subsection (c), (h), or (i) of section 2 of the Narcotics Drugs Import and Export Act, as amended, or such Act of July 11, 1941, as amended, or

"(2) of any offense the penalty for which is provided in subsection (a) of this section, if it is the offender's second or subsequent offense, the imposition or execution of sentence shall not be suspended, probation shall not be granted, section 4202 of title 18 of the United States Code shall not apply, and the Act of July 15, 1932 (47 Stat. 696; D.C. Code 24–201 and following), as amended, shall not apply."

4. It is recited in this judgment that the granting of probation is "on condition that she, either at her own expense or expense of her family, continue the treatment offered by Dr. Lengyel, or such other doctor he may recommend, until such time the doctor feels no further treatment is necessary. It is recommend-

ed that said treatment continue for at least one year. It is ordered that periodical reports be submitted to the Probation Department showing the progress of the defendant, said reports to be submitted as may be determined by the Probation Department."

5. La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290; United States v. United States District Court, 334 U.S. 258, 263, 68 S.Ct. 1035, 92 L.Ed. 1351; and Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185, are cited in support of this proposition.

6. Respondent cites United States v. Albrecht, 7 Cir., 25 F.2d 93; and United States v. Cook, 5 Cir., 19 F.2d 826, affirmed United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, as supporting authority.

7. Ex parte Fahey, 332 U.S. 258, 260, 67 S.Ct. 1558, 91 L.Ed. 2041; Frost v. Yankwich, 9 Cir., 254 F.2d 633. 637.

mus is an available remedy under the circumstances of this case permission to utilize such remedy nevertheless lies within the sound discretion of this court. La Buy v. Howes Leather Co., 352 U.S. 249, 255, 77 S.Ct. 309, 1 L.Ed.2d 290, is one of the latest in a long line of decisions which stand for this proposition. It has also been said that mandamus is an extraordinary remedy, available only in rare cases (Ex parte Collett, 337 U.S. 55, 72, 69 S.Ct. 944, 959, 93 L.Ed. 1207), and that courts will proceed with great caution before granting relief in the nature of mandamus. Laughlin v. Reynolds, 90 U.S.App.D.C. 414, 196 F.2d 863.

■ The considerations which should motivate a court in determining whether to grant or withhold relief by way of mandamus have nowhere been better expressed than in Duncan Townsite Co. v. Lane, 245 U.S. 308, 311, 38 S.Ct. 99, 101, 62 L.Ed. 309. Mr. Justice Brandeis there said:

> "Mandamus is an extraordinary remedial process which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion. It issues to remedy a wrong, not to promote one; to compel the performance of a duty which ought to be performed, not to direct an act which will work a public or private mischief or will be within the strict letter of the law but in disregard of its spirit. Although classed as a legal remedy, its issuance is largely controlled by equitable principles. * * *" [8]

■ Assuming that mandamus is an available remedy here, we decline to grant such relief on the ground that because of the lapse of time and of defendants' long reliance on judgments only recently challenged, the setting aside of the district court orders would work a substantial hardship on the affected parties.

Two of these orders have been in effect for more than a year, and the two boys who were granted probation at that time have adjusted their lives and activities in reliance upon those orders. The third such order was entered more than four months ago. We are informed that the girl who was thereby granted probation has since married.

Nothing has come to our attention to indicate that these three individuals are not complying fully with the conditions of their respective probation orders. In our view, and in the exercise of our discretion, the ends of justice require that regardless of the merits of the Government's contention the granting of relief by way of mandamus should here be withheld.

■ The importance of the question which the Government raises has not escaped our notice. But if that question is reviewable at all by way of mandamus, it should be presented with such dispatch and under such circumstances that grievous personal hardship is avoided or minimized.

We express no view either as to the merits of the Government's position concerning the legality of the orders or as to the appropriateness of mandamus as a means available to the Government for testing the legality of criminal sentences.

The petition for a writ of mandamus is denied.

---

8. See, also, Whitehouse v. Illinois Central Railroad Co., 349 U.S. 366, 373, 75 S. Ct. 845, 99 L.Ed. 1155. In Langevin v. Nicolson, 110 F.2d 687, 696, 27 CCPA 1022, it was said that mandamus "issues for preventing instead of promoting injustice." Revised Rule 30, Rules of the Supreme Court of the United States, 28 U.S.C.A., reads in part:
"The issuance by the court of any writ authorized by 28 U.S.C.A., § 1651(a) is not a matter of right but of sound discretion sparingly exercised. * * *"
Rule 8(2), Rules of the United States Court of Appeals for the Ninth Circuit reads:
"2. The practice shall be the same as in the Supreme Court of the United States, as far as the same shall be applicable." West's Ann.Cal.Code.