## POTOMAC ELECTRIC POWER COMPANY, Petitioner,

v.

## PUBLIC SERVICE COMMISSION of the District of Columbia, Respondent.

### No. 14098.

District of Columbia Court of Appeals.

Dec. 6, 1978.

Edward A. Caine and Allen C. Barringer, Washington, D. C., for petitioner.

Melvin J. Washington, Asst. Corp. Counsel, Louis P. Robbins, Acting Corp. Counsel and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., for respondent.

Before GALLAGHER *, NEBEKER and YEAGLEY, Associate Judges.

* Associate Judge Gallagher did not participate in the foregoing order.

## ORDER

PER CURIAM.

On consideration of petitioner's petition for writ of mandamus and of respondent's opposition filed with respect thereto, it is

ORDERED that petitioner's petition is denied.

NEBEKER, Associate Judge:

Potomac Electric Power Company (PEPCO) seeks extraordinary relief (a writ in the nature of mandamus, 28 U.S.C. § 1651 (1970)) to compel issuance of a final order in a rate increase case pending before respondent Commission (Formal Case No. 685). The gravamen of the petition is that the Commission has failed to counter PEPCO's earnings attrition resulting from regulatory lag and therefore a taking of property and a denial of due process has resulted and continues. The same argument is made in two other cases involving PEPCO's petitions (Nos. 10490 and 10909) now pending before this court. PEPCO says that the same financial disaster suffered by it in 1975 and 1976 in the District of Columbia due to extraordinary regulatory lag is again being experienced for the same reason. PEPCO makes a strong case respecting repeated financial impact. The Commission does not challenge these assertions.

As revealed in the opinions of the majority of the division in No. 10490, *Potomac Electric Power Co. v. Public Service Commission*, D.C.App., 380 A.2d 126 (1977), I am particularly sensitive to the argument that regulatory lag, if not compensated by attention to the latest available data, can work a taking without just compensation. The question posed by the instant petition, however, is whether the delay of five to six months since closing of the record and lodging of all briefs constitutes agency action unlawfully withheld or unreasonably delayed under D.C.Code 1973, § 1–1510. Since we are told that the agency hearings took 43 days and a transcript of over 5,000 pages was produced, I cannot say that unwarranted delay has occurred. This is not to say that PEPCO's argument respecting financial impact due to regulatory lag is lacking in merit. When a record is made showing "deliberate disregard" of legitimate utility interests and a "policy . . . proved seriously disruptive of the efficient administration [of utility services]," *Will v. United States,* 389 U.S. 90, 104, 88 S.Ct. 269, 278, 19 L.Ed.2d 305 (1967), resort to mandamus may be proper if regular remedies are inadequate. Though the showing of repetitious impact of regulatory lag is, to me, alarming, the remedy lies in compensating for it in the rate proceedings and not in simply telling respondent to make a carefully detailed decision in haste.