**PEOPLE'S COUNSEL OF the DISTRICT OF COLUMBIA, Petitioner,**

v.

**PUBLIC SERVICE COMMISSION of the District of Columbia, Respondent.**

**Potomac Electric Power Company, Intervenor.**

Consortium of Universities of the Washington Metropolitan Area and District of Columbia Hospital Association, Apartment and Office Building Association, Intervenors.

**Nos. 80–107, 80–108.**

District of Columbia Court of Appeals.

March 21, 1980.

Brian Lederer, Washington, D. C., for People's Counsel of the District of Columbia.

Frann G. Francis, Washington, D. C., for Apartment and Office Building Ass'n.

Bruce H. Turnbull, Washington, D. C., for Consortium of Universities of the Washington Metropolitan Area and District of Columbia Hospital Ass'n.

Richard W. Barton, Deputy Corp. Counsel, Melvin A. Washington, Washington, D. C., for Public Service Commission of the District of Columbia.

Edward A. Caine, Washington, D. C., for Potomac Elec. Power Co.

Before NEBEKER * and MACK, Associate Judges.

## ORDER

On consideration of Petitioner's Petition for a Writ of Mandamus, of Petitioner's Motion of Stay, of Respondent's Motion to Dismiss the Petition of Appeal, and of the responsive pleadings filed with respect thereto, it is

ORDERED that the Petition of Appeal is hereby dismissed.

FURTHER ORDERED that the Petition for a Writ of Mandamus is denied. It is

FURTHER ORDERED that Petitioner's Motion for Stay and the Notices of Intention to Intervene are dismissed as moot.

The Clerk is directed to issue a certified copy of this order to Respondent forthwith.

PER CURIAM.

\* Statement of NEBEKER, Associate Judge: People's Counsel seeks review of two evidentiary rulings made by the Public Service Commission (Commission) during proceedings in Formal Case No. 715, a case involving an application by the Potomac Electric Power Company (Pepco) for a rate increase. People's Counsel also seeks a stay of further Commission action in Formal Case No. 715 pending appeal, as well as a writ of mandamus directing the Commission to (1) re-open the record in Formal Case No. 715 and receive testimony excluded by the Commission, or in the alternative, (2) institute a second phase of Formal Case No. 715 for consideration of the issue for which the excluded testimony was offered.[1] Because the evidentiary rulings in question are interlocutory and nonappealable, we dismiss the petition of appeal. We also deny People's Counsel's petition for a writ of mandamus.[2]

I

During the proceedings in Formal Case No. 715, the Commission made two eviden-

tiary rulings which People's Counsel now seeks to have reviewed by this court: (1) On October 24, 1979, the Commission excluded supplemental testimony submitted by People's Counsel out of time. On December 11, 1979, the Commission denied People's Counsel's motion for reconsideration of the ruling excluding the supplemental testimony; (2) On November 1, 1979, the Commission denied People's Counsel's motion to file the testimony of one witness out of time. On December 21, 1979, the Commission denied People's Counsel's motion for reconsideration of its ruling excluding this testimony. The Commission has not yet issued any final order or decision in Formal Case No. 715.

On January 30, 1980, People's Counsel filed a petition of appeal, a motion for stay pending appeal and for expedited consideration, a petition for writ of mandamus, and a motion for consolidation of Appeals Nos. 80–107 and 80–108. Pepco and the Commission each filed answers and motions to dismiss the petition of appeal, as well as oppositions to the petition for writ of mandamus.

II

Resolution of this case rests upon the simple fact that the evidentiary rulings involved are interlocutory and nonappealable. "An agency's procedural or evidentiary rulings in the course of a proceeding do not constitute a final order justifying judicial review except in extreme instances where the action is held to constitute an effective deprivation of appellant's rights." *Thermal Ecology Must Be Preserved v. Atomic Energy Commission,* 139 U.S.App. D.C. 366, 368, 433 F.2d 524, 526 (1970). Only if this court "is clearly convinced" that normal appellate review of a final agency

1. People's Counsel also filed a motion to consolidate Nos. 80 107 and 80–108. Since both cases arise from the same factual pattern (*i. e.,* the Commission's exclusion of certain testimony) and raise essentially identical legal issues, the motion to consolidate is granted.

2. Notices of intention to intervene in Appeal No. 80–107 were filed by Pepco, the Consortium of Universities of the Washington Metropolitan Area, and the District of Columbia Hospital Association. Because we dismiss the petition of appeal and deny the petition for writ of mandamus, the question of intention to intervene is moot.

**518**

decision will be ineffective to vindicate the rights of a party may it review an agency's interlocutory order. *Phillips Petroleum Co. v. Brenner*, 127 U.S.App.D.C. 319, 323, 383 F.2d 514, 518 (1967), *cert. denied*, 389 U.S. 1042, 88 S.Ct. 785, 19 L.Ed.2d 833 (1968). Even if we accept, *arguendo*, People's Counsel's argument that the testimony in question was wrongfully excluded, nothing in the record indicates that the Commission's evidentiary rulings irrevocably deprive People's Counsel or the general public of any rights, or that normal appellate review will be unable to vindicate the rights of any party which might be adversely affected by the Commission's evidentiary rulings. In the past, this court has rejected interlocutory appeals from evidentiary rulings by the Commission. *See Washington Urban League, Inc. v. Public Service Commission*, D.C.App., 295 A.2d 906 (1972).[3] This court is without jurisdiction to review such nonfinal Commission action. D.C.Code 1973, §§ 11–722 and 43–705.

Since we dismiss the petition of appeal, the motion for stay pending appeal and the two notices of intention to intervene are moot. I now turn to consider People's Counsel's petition for a writ of mandamus.

### III

This court undoubtedly has the authority to issue the extraordinary writ of mandamus. *Morrow v. District of Columbia*, 135 U.S.App.D.C. 160, 165–67, 417 F.2d 728, 733–35 (1969); 28 U.S.C. § 1651 (1976).

However, the writ of mandamus is an extraordinary writ which usually will not be issued unless normal appellate review is unavailable. *Neighborhood Legal Services Program v. Ryan*, D.C.App., 276 A.2d 728, 729 (1971). Indeed, a writ of mandamus cannot be used as a substitute for an appeal. *Easton Publishing Co. v. FCC*, 87 U.S.App.D.C. 344, 348, 185 F.2d 987, 991 (1950); *In re Fullam*, 80 U.S.App.D.C. 273, 152 F.2d 141 (1945); *United States ex rel. Dunkley Co. v. Ewing*, 42 App.D.C. 176, 178 (1914). *Cf. Will v. United States*, 389 U.S. 90, 103–04, 88 S.Ct. 269, 278, 19 L.Ed.2d 305 (1967) (writ of mandamus will not issue to correct judicial error where court was acting within scope of its jurisdiction). Examination of the petition for writ of mandamus reveals that People's Counsel seeks issuance of the writ as a present substitute for a future possible appeal. Consideration of the petition for writ of mandamus would require this court to review two evidentiary rulings of the Commission which are now neither final nor appealable, and ascertain the merits of People's argument in the absence of any final Commission decision or order. This would short-circuit the statutory review procedures set forth in title 43, chapter 7 of the D.C.Code and involve this court in premature review of Commission action to the detriment of orderly administrative procedures. We, therefore, decline People's Counsel's gambit of using a petition for writ of mandamus as a substitute for an appeal it cannot make directly.[4]

3. Even if People's Counsel is correct in asserting that the proffered testimony was wrongfully excluded, its appeal is premature. "The mere fact that evidence has been improperly excluded by an agency is not enough to cause reversal of an agency decision. It is only when the exclusion is so prejudicial as to result in an unfair hearing that a court will order a remand for further proceedings." 4 MEZINES, STEIN, GRUFF, ADMINISTRATIVE LAW § 30.03 at 30–12 (1979) (*citing Dolcin Corp. v. FTC*, 94 U.S.App.D.C. 247, 219 F.2d 742 (1954), *cert. denied*, 348 U.S. 981, 75 S.Ct. 571, 99 L.Ed. 763 (1955) and *Wheeler v. NLRB*, 114 U.S.App.D.C. 255, 314 F.2d 260 (1963)). Such a determination is best made during the course of normal appellate review. Only by reviewing the record as a whole, in conjunction with the final Commission decision or order in Formal Case No.

715, can this court determine whether the exclusion was wrongful, and if wrongful, whether the exclusion was harmless error or prejudicial to a party. Of course, in voting to deny People's Counsel the relief it now seeks, I express no opinion on the merits of People's Counsel's arguments concerning the exclusion of the testimony.

4. Even if I were to consider the petition on its merits, I would vote to deny it. The petition is premised on the erroneous assumptions that (1) the evidentiary rulings by the Commission which are the subject of the petition for review are final and appealable orders, and (2) failure to obtain judicial review at this time would irrevocably harm People's Counsel and the interests of the ratepaying public in the District of Columbia. As I pointed out earlier, the evi-

## IV

The challenged evidentiary rulings are clearly interlocutory and nonappealable. People's Counsel's lengthy analysis and overwrought rhetoric does not alter this basic fact, nor the conclusion that People's Counsel is not entitled to the relief it seeks. What is disturbing to me is the unwarranted delay and needless waste of resources caused by People's Counsel's action in seeking relief from the Commission's evidentiary rulings in question. By seeking relief from clearly interlocutory and nonappealable orders, People's Counsel needlessly caused the waste of the time and resources of this court, the Commission, Pepco, and the Office of People's Counsel itself.

By law, Pepco will have to bear the expenses of the litigation generated by People's Counsel's effort to obtain relief. These expenses probably will be borne by the ratepayers in the end, since such expenses plus six percent interest may be charged to Pepco's operating expenses and be allowed for in the rates Pepco may charge its customers. *See* D.C.Code 1978 Supp., § 43–412(a). I question whether People's Counsel is fulfilling its statutory duty of representing the people of the District of Columbia in cases involving the interests of Pepco users [5] by seeking obviously unwarranted relief that entails unnecessary expense that will be borne by the utility to the eventual detriment of the consumer in the form of higher rates or decreased service. Furthermore, proper representation of the people of the District of Columbia does not include the filing of obviously unwarranted interlocutory appeals by People's Counsel. Such action "does not constitute the exercise of independent professional judgment and ought not be tolerated by [this court] with [its] compelling public responsibilities." *Tupling*

*v. Britton*, D.C.App., 411 A.2d 349 (1980, at 352). Unwarranted appeals such as this one delay the hearing of cases with merit, a result that cannot be justified by the mere fact that People's Counsel has statutory responsibility for representing the public interest in rate cases. Indeed, the public interest is ill-served by such unwarranted appeals, whoever files them. I commend to People's Counsel Judge Tamm's opinion in *Dallas Mailers Union, Local No. 143 v. NLRB*, 144 U.S.App.D.C. 254, 445 F.2d 730 (1971), so that it can be seen that others look to the bar for mature legal judgment.

Finally, judicial notice may be taken of the fact that, in these times of galloping inflation, undue delays in Commission proceedings have the result of reducing the effective rate increase awarded by the Commission to a utility. *See Potomac Electric Power Co. v. Public Service Commission*, D.C.App., 380 A.2d 126, 133–38 (1977), *vacated on other grounds*, 402 A.2d 14 (1979) (en banc). *Cf. Tupling v. Britton, supra*, at 352 (unwarranted delays caused by frivolous appeals can reduce effective recovery of an appellee because of inflation); *Potomac Electric Power Co. v. Public Service Commission*, D.C.App., 396 A.2d 190, 191 (1978) (statement by Judge Nebeker) (regulatory lag, if not compensated by attention to effects of inflation, may work a taking without just compensation). In the instant case, the Commission has not yet issued a final order or decision on Pepco's application for a rate increase. These efforts by People's Counsel probably delay the timely and orderly disposition of Formal Case No. 715 by the Commission. Such a delay predictably would reduce the effective value of any rate increase the Commission might award, thereby accelerating Pepco's need to come once again to the Commission in an effort to attain meaning-

---

dentiary rulings in question are neither final nor appealable. Also, People's Counsel has failed to demonstrate that any party would be irrevocably deprived of its rights by the Commission's evidentiary rulings, or that normal appellate review would be futile. Because People's Counsel has failed to show that it is clearly entitled to the performance of the acts it

seeks to have the Commission commanded to do, the petition for writ of mandamus should be denied. *See Thornton v. Corcoran*, 132 U.S.App.D.C. 232, 235, 407 F.2d 695, 698 (1969); *Laughlin v. Reynolds*, 90 U.S.App.D.C. 414, 415, 196 F.2d 863, 864 (1952).

5. *See* D.C.Code 1978 Supp., § 43–205(d).

**520**

ful rate relief. Those results, if they occur, could hardly be deemed to be in the true public interest.