**WILLYS MOTORS, Inc., Plaintiff,**

v.

**NORTHWEST KAISER–WILLYS, Inc., Irving H. English and William J. Nickerson, Defendants.**

**Civ. No. 5149.**

United States District Court
D. Minnesota, Fourth Division.
Feb. 10, 1956.

should be invoked only when deliberate or flagrant attitude is demonstrated."

It is true that in this case the information sought by plaintiff by interrogatories was not promptly furnished and was made available only after much consultation and telephoning; but it is not evident to the Court that the failure of the defendants to promptly furnish the answers was due to any unreasonable, recalcitrant, deliberate or captious conduct or attitude. I cannot conclude that the defendants' conduct was "without substantial justification."

The motion is denied.

John Hannaford, St. Paul, Minn., for plaintiff.

William C. Kelly, Minneapolis, Minn., for defendant.

DEVITT, District Judge.

The plaintiff moves the Court to enter its order assessing defendants $150 as reasonable expenses, including attorney's fees, for the failure of defendants to promptly answer plaintiff's interrogatories. The plaintiff has submitted a memorandum in support of his motion.

I don't think this is a proper case to invoke the penalty provided in Rule 37(a), 28 U.S.C.A. I can only require the payment of expenses where the defendants' conduct has been "without substantial justification." I have read the cases and the comments of the text writers on the subject, and it appears that the penalty has been applied only in cases where the party proceeded against has "entirely disregarded" the request, has been unreasonable or recalcitrant in his conduct, or where his refusal has been "captious." See Barron and Holtzoff, Federal Practice & Procedure, Volume 2, Page 557.

The court in Grimmett v. Atchison, Topeka & Santa Fe Ry. Co., D.C.N.D. Ohio 1941, 11 F.R.D. 335, 336, said that "The drastic provisions of the Rule