**Efrain GUERRERO, Appellant,**

**v.**

**Saul SHAFRITZ and Louis Goldstein,
Appellees.**

**No. 3565.**

District of Columbia Court of Appeals.

Argued Nov. 30, 1964.

Decided Jan. 14, 1965.

Thomas S. Jackson, Washington, D. C., with whom James R. Treese, Robert M. Gray and John L. Laskey, Washington, D. C., were on the brief, for appellant.

Edward J. Gorman, Jr., Washington, D. C., with whom Arthur V. Butler, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge:

In separate actions several plaintiffs sued appellant Guerrero, seeking recovery for water damage which occurred in an office

building occupied by him and the plaintiffs. The actions were subsequently consolidated for trial. In due course, appellant's deposition was taken in the presence of attorneys for all parties. Appellant refused to answer certain questions and thereafter, upon motion filed by two of the plaintiffs, the trial court ordered appellant to respond, and in addition ordered him to pay counsel fees in the amount of $100.00. This appeal followed.

██ That part of the order appealed from, directing appellant to answer certain questions put to him in the course of his deposition, is interlocutory, and as such, is not reviewable.[1] The award of counsel fees, on the other hand, is in all respects a final order, subject to immediate execution, and the aggrieved party is entitled to have it reviewed on appeal.

██ Rule 37(a) of the Rules of the District of Columbia Court of General Sessions provides:

"Refusal to Answer. If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, he may apply to the court for an order compelling an answer. * * *

"If the motion is granted *and if the court finds that the refusal was without substantial justification,* the court shall require the refusing party or deponent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees. * * *" (Emphasis added.)

We note initially that the trial judge in entering the award appealed from made no finding that appellant's refusal to answer "was without substantial justification." We think the rule requires such a finding as a foundation for any award of counsel fees. However, we will not remand for an express determination of that issue because it is apparent that an affirmative finding of lack of substantial justification, even if such had been made, would not be supported by the record. In Willys Motors, Inc. v. Northwest Kaiser-Willys, Inc., 18 F.R.D. 473, 474 (D.C.Minn.1956), the court stated:

"[I]t appears that the penalty [ordering payment of attorney's fees under Rule 37(a) F.R.Civ.P.] has been applied only in cases where the party proceeded against has 'entirely disregarded' the request, and has been unreasonable or recalcitrant in his conduct, or where his refusal has been 'captious.'"

That statement reflects the limitation upon the availability of Rule 37(a) sanctions. "The drastic provisions of the Rule should be invoked only when a deliberate or flagrant attitude is demonstrated." Grimmett v. A. T. & S. F. Ry. Co., 11 F.R.D. 335, 336 (N.D. Ohio, 1931).

██ In the case at bar, it is apparent that appellant's refusal to answer did not reflect a flagrant or recalcitrant attitude. He had interposed numerous defenses in the various actions filed against him, one of which depended in part on a real estate contract between him, other defendants and third party defendants. When appellant was questioned at his deposition concerning the provisions of that contract, he said he did not understand some of its terms. He was then questioned at some length about other earlier real estate transactions and the nature and extent of his property holdings, but upon advice of counsel, refused to answer. Appellant also refused to answer questions concerning the identity of parties whom he stated he had reason to suspect deliberately caused the damage which pre-

1. See, e. g., Hartley Pen Co. v. United States District Court, Etc., 237 F.2d 324 (9th Cir. 1961).

cipitated the actions filed below. In both instances the questions were of such dubious propriety that it can not be said that appellant, in refusing to answer, demonstrated a "deliberate or flagrant attitude."

Order awarding counsel fees reversed, and case remanded for further proceedings consistent with this opinion.