**CHESAPEAKE AND POTOMAC TELE-
PHONE CO., Petitioner,**

v.

**PUBLIC SERVICE COMMISSION of the
District of Columbia, Respondent.**

No. 8718.

District of Columbia Court of Appeals.

Argued Jan. 22, 1975.

Decided June 10, 1975.

See also D.C.App., 330 A.2d 236.

Frank M. Steadman, Jr., Washington, D.C., with whom Alfred Winchell Whittaker and John P. Barnes, Washington, D.C., were on the brief, for petitioner.

Linus H. Deeny, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and C. Belden White, II, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before REILLY, Chief Judge, and FICKLING and NEBEKER, Associate Judges.

FICKLING, Associate Judge:

This is an appeal pursuant to D.C. Code 1973, § 43–705, from two orders issued by respondent Public Service Commission of the District of Columbia (hereinafter, Commission) in its consideration of the application by petitioner Chesapeake and Potomac Telephone Company (hereinafter, Telephone Company) for increased telephone rates.[1] On May 10, 1974, by Order No. 5643, the Commission ruled that it was within its power to furnish free transcripts to intervening parties and charge the Telephone Company for the cost of these transcripts. By Order No. 5650, issued June 11, 1974, the Commission denied the Telephone Company's request for reconsideration.[2]

The issues raised on appeal are (1) whether the District of Columbia Adminis-

trative Procedure Act (APA)[3] applies to proceedings before the Commission and (2) if so, whether the Commission erred in furnishing free transcripts to intervenors at the Telephone Company's expense.

On April 19, 1973, the Telephone Company requested authorization from the Commission to increase certain of its telephone rates. Pursuant to D.C.Code 1973, § 43–412, the Telephone Company deposited certain sums as ordered into the "Miscellaneous Trust Fund, District of Columbia" to defray the investigative expenses of the Commission. The Telephone Company subsequently learned that the Commission was drawing against this trust fund account to pay for transcripts which had been furnished to intervenors. By its letter of April 5, 1974, the Telephone Company challenged this practice citing Section 10(c) of the APA, D.C.Code 1973, § 1–1509, which requires each party requesting transcript copies to bear its proportionate share of preparation costs.

The Commission heard arguments on the issue of furnishing free transcripts to intervenors at a prehearing conference and on May 10, 1974, issued Order No. 5643 which, *inter alia,* resolved the issue against the Telephone Company. The Commission conceded that the APA prohibited the continuation of its past practice of charging the Telephone Company for transcripts given to intervenors, but concluded that it could loan transcripts to intervenors and assess the cost to the Telephone Company. The Commission stated:

> [T]he Commission cannot ignore Secs. 43–402 and 43–408, D.C.Code 1973, which authorize the Commission, in effect, to do whatever is necessary in its opinion to resolve the issues framed in any investigation brought before or by it.

1. Formal Case No. 595.

2. A request for reconsideration is a prerequisite to filing a petition of appeal. D.C. Code 1973, § 43–704. *See Watergate Improvement Associates v. Public Service Commission,* D.C.App., 326 A.2d 778, 781 n. 4 (1974).

3. D.C.Code 1973, § 1–1501 *et seq.*

This section is supplemented by Sec. 43–1003, D.C.Code 1973 which requires that all sections of the enabling Act be liberally construed. The Commission has in the past required that the Company furnish intervenors with free transcripts in all cases in which the intervenors so request. In the majority of instances, the Commission has found the intervenors to be of substantial help to the Commission in reaching a fair and reasonable decision in the cases before it. The effectiveness of the intervenors' contribution to a case is materially aided if they have ready and unfettered access to transcripts of the proceedings, ideally a copy in their possession. . . .[4]

To effectuate its lending program, the Commission proposed to order sufficient copies of the transcripts to enable it to loan a copy to each intervenor, the cost of the additional transcripts to be charged against the Telephone Company's trust fund deposit in accordance with D.C. Code 1973, § 43–412.

On May 31, 1974, the Telephone Company applied for reconsideration of Order No. 5643, contending that the transcript loan arrangement proposed by the Commission contravened the unequivocal statutory language of Section 10(c) of the APA, D.C.Code 1973, § 1–1509. By Order No. 5650, dated June 11, 1974, the Commission denied the application stating:

> The Commission does not believe that, the D.C. Administrative Procedure Act must, or should, be read to diminish the opportunity for parties in our proceedings to participate without unnecessary impediment financial or otherwise. Therefore, we reaffirm our ruling concerning the loan of transcripts to parties.[5]

This appeal followed.

■ The first issue to be resolved in this appeal is whether the APA applies to proceedings before the Commission.[6] After a careful review of the legislative history of the APA, we find inescapable the conclusion that the Act was intended to apply to the Commission.

The legislative reports of Congress[7] indicate that the APA was designed to promote uniformity among the more than 93 administrative agencies in the District of Columbia. These reports further indicate that Congress sought to promote uniformity in the areas of (1) compilation and publication of agency rules, (2) procedures to be followed by agencies in "contested cases," and (3) procedures for review from adverse agency determinations.[8] It is clear that except in the area of appellate procedure and scope of review,[9] the draft-

4. Formal Case No. 595, Order No. 5643 at 2, May 10, 1974.

5. Formal Case No. 595, Order No. 5650 at 8, June 11, 1974.

6. Although neither the Commission nor the Telephone Company presented this issue on appeal, this court *sua sponte* requested supplemental briefs concerning the applicability of the APA to proceedings before the Commission.

7. *See* S.Rep.No.1581, 90th Cong., 2d Sess. (1968), and H.R.Rep.No.202, 90th Cong., 1st Sess. (1967).

8. S.Rep.No.1581, *supra* at 6–9, and H.R.Rep. No.202, *supra* at 2–3.

9. As originally enacted, Sec. 11 of the APA, D.C.Code 1967, § 1–1510 (Supp. III, 1970), gave this court review jurisdiction over orders and decisions of all District agencies except five enumerated agencies (including the Commission). This section provided that these five agencies "shall be subject to judicial review in those courts which review the orders and decisions of those agencies on the day before the date of enactment of this chapter and such judicial review shall be in accordance with the law in effect on the date immediately preceding the effective date of this chapter establishing requirements and standards for review of orders and decisions of those agencies, or if no such requirements or standards are in effect on such date, then such review shall be in accordance with this chapter. . . ." As a result of this language, the United States District Court for the District of Columbia retained its appellate jurisdiction to review orders and decisions of the Commission.

ers of the APA intended the Act to apply to the Commission. This intent is reflected in testimony offered in support of the proposed legislation wherein the Commission was cited as an example of administrative arbitrariness and procedural obscurity.[10] Moreover, the District of Columbia Administrative Practice Manual prepared by the District of Columbia Bar Association, the principal drafters of the APA, assumes the applicability of the APA to the Commission (except in regards to appellate procedure and standard of review) where it states:

> The Commission's current procedures in most important respects conform to the requirement of the new Act, and the act does not change the method of appealing Commission orders. [*Id.* at 81.]

■ This conclusion that the drafters clearly intended the procedural requirements of APA to apply to the Commission was not weakened by the passage of Section 111 of the District of Columbia Court Reform and Criminal Procedure Act of 1970, D.C.Code 1973, § 11–722, which provides in pertinent part:

> The District of Columbia Court of Appeals has jurisdiction (1) except as provided in clause (2), to review orders and decisions of . . . any agency

of the District of Columbia . . . in accordance with the [APA]; and (2) to review orders and decisions of the [Commission] in accordance with [the Commission's organic act, D.C.Code Title 43, chapters 1–10].

It is clear from an analysis of the statutory language and legislative history that Congress, in enacting D.C.Code 1973, § 11–722, was attempting to achieve two goals. First, this statute was designed to complete the process, begun with the passage of the APA, of vesting in this court review jurisdiction over all District agencies. The Senate Committee Report on the District of Columbia Court Reform and Criminal Procedure Act of 1970 states:

> The new section 11–722 provides for the review of orders and decisions by the District of Columbia Court of Appeals.[11]

Secondly, this statute seeks to standardize the standards and scope of review to be utilized by this court in its review of orders and decisions of all agencies except those of the Commission. D.C.Code 1973, § 11–722, provides that this court shall review determinations of the Commission "in accordance with" that agency's organic act.[12]

■ Therefore, we conclude that D.C. Code 1973, § 11–722, carves out only a lim-

---

Section 162 of the District of Columbia Court Reform and Criminal Procedure Act of 1970 deleted the above language of Section 11 of the APA, thereby making this section of the APA applicable to all District agencies. However, the Court Reform Act of 1970 also included D.C.Code 1973, § 11–722, which gave this court jurisdiction to review orders and decisions of the Commission in accordance with Chapters 1 through 10 of the D.C.Code, Title 43.

10. *Hearings on S. 1379 and H.R. 7417 Before the Subcomm. on the Judiciary of the Senate Comm. on the District of Columbia,* 90th Cong., 2d Sess. 76 (1968) (statement of James H. Heller).

11. S.Rep.No.91–405, 91st Cong., 1st Sess. at 21 (1969).

12. The standards and scope of review to be utilized by this court in reviewing determina-

tions of the Commission are set forth in Chapter 7 of the Commission's organic act, D.C. Code Title 43, Chapters 1–10. D.C.Code 1973, § 43–704, provides that no appeal shall lie unless an application for reconsideration shall have been first made and determined. D.C.Code 1973, § 43–705, provides that appeals from orders and decisions of the Commission have precedence over any civil case pending before this court.

The scope of review is set forth in D.C.Code 1973, § 43–706, which provides:

> In the determination of any appeal from an order or decision of the Commission the review by the court shall be limited to questions of law, including constitutional questions; and the findings of fact by the Commission shall be conclusive unless it shall appear that such findings of the Commission are unreasonable, arbitrary, or capricious.

ited area in which the APA is inapplicable to the Commission (*i. e.*, standard and scope of review) rather than a wholesale exemption from APA coverage as argued by some writers.[13] This position is consistent with that taken in *Telephone Users Association v. Public Service Commission*, D.C.App., 304 A.2d 293 (1973), *cert. denied*, 415 U.S. 933, 94 S.Ct. 1448, 39 L.Ed.2d 492 (1974), wherein Associate Judge Kern applied the scope of review standard set forth in D.C.Code 1973, § 43–706, but remanded the case to enable the Commission to make adequate findings as required by the APA, D.C.Code 1973, § 1–1509.

■ The only issue remaining is whether the Commission's decision to loan transcripts to intervenors at the expense of the Telephone Company conflicts with that portion of Section 10(c) of the APA, D. C.Code 1973, § 1–1509(c), which provides:

> The cost incidental to the preparation of a copy or copies of a record or portion thereof shall be borne equally by all parties requesting the copy or copies.

We find the Commission's ruling to be in conflict with the above statute and therefore invalid.

The Commission, while conceding that it is precluded by the above statutory language from *giving* transcripts to intervenors at the expense of the Telephone Company,[14] contends that it can charge the Company for the cost of the transcripts *loaned* to intervenors. The Commission, however, cites no authority for this proposition.

Likewise, we are unable to discern any congressional intent to condition the obligation to pay for transcripts on transfer of nominal title[15]. Rather, we find that the operative language of D.C.Code 1973, § 1–1509(c), requires each party "requesting" transcript copies to bear its proportionate share of the preparation costs. This obligation exists regardless of whether nominal title remains in the Commission or vests in the intervenor.

■ The Commission further contends that its decision to furnish free transcripts to intervenors at the Telephone Company's expense is a proper exercise of its delegated powers. In support of this proposition, the Commission cites D.C.Code 1973, § 43–402, which gives it the power to

> regulate the mode and manner of all investigations and hearings of public utilities and other parties before it.

The Commission contends that this delegated authority to regulate the mode and manner of the hearing process must be liberally construed pursuant to D.C.Code 1973, § 43–1003.

It is well established that the power of administrative agencies to make rules "is not the power to make law . . . but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a mere nullity." [16]

13. *See* Griffin, *The District of Columbia Administrative Procedure Act: Its History, Provisions, and Interpretation*, 61 Geo.L.J. 575, 581 (1973) ; Comment, *Administrative Procedure in the District of Columbia—The APA and Beyond*, 20 Am.U.L.Rev. 457, 464 (1970–71).

14. The Commission ruled that D.C.Code 1973, § 1–1509(c), superseded D.C.Code 1973, § 43–422, which in the past was apparently interpreted to enable the Commission to provide free transcripts to intervenors so requesting. Formal Case No. 595, Order No. 5643 at 1, May 10, 1974.

15. The Revised Model State Administrative Procedure Act, which served as the principal guide in drafting the APA, contains no provision concerning obligation to pay for transcripts. The Federal Administrative Procedure Act, on the other hand, provides in 5 U.S.C. § 556(e) that transcripts are available to parties "on payment of lawfully prescribed costs . . . ."

16. *District of Columbia v. Jones*, D.C.App., 287 A.2d 816, 818 (1972), *quoting Dixon v. United States*, 381 U.S. 68, 74, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965). *See also* 1 Cooper, State Administrative Law, 254–57 (1965).

Since the APA applies to proceedings before the Commission, any procedure established by the Commission must conform with the minimum requirements set forth in the Act.[17] The Commission's rule that transcripts be furnished to intervenors at the Telephone Company's expense contravenes the express language of D.C. Code 1973, § 1–1509(c), and is, therefore, a mere nullity.

Reversed.

17. D.C.Code 1973, § 1–1501, provides that any provisions in conflict with APA requirements are superseded. *See Wallace v. District Unemployment Comp. Bd.*, D.C.App., 289 A.2d 885, 887 (1972).