**POTOMAC ELECTRIC POWER COMPANY, Petitioner,**

**Washington Gas Light Company, Intervenor,**

v.

**PUBLIC SERVICE COMMISSION OF the DISTRICT OF COLUMBIA, Respondent,**

**Office of People's Counsel, Intervenor.**

Nos. 81–801 to 81–821.

District of Columbia Court of Appeals.

Argued Oct. 21, 1981.

Decided Oct. 4, 1982.

William Dana Shapiro, Washington, D.C., with whom Edward A. Caine and Betty K. Cauley, Washington, D.C., were on the brief, for Potomac Elec. Power Co.

Carl Belcher, Springfield, Va., with whom Lewis Carroll and Abraham R. Spalter, Washington, D.C., were on the brief, for intervenor Washington Gas Light Co.

Lloyd N. Moore, Jr., Washington, D.C., with whom Michael deHaven Newsom, Daniel O. Bernstein, Robert P. Charrow, Irving Ferman, Michael E. Geltner and Warner Lawson, Jr., Washington, D.C., were on the brief, for respondent Public Service Commission.

Joseph H. Sharlitt, Washington, D.C., with whom Harvey A. Levin and Harley Daniels, Washington, D.C., were on the brief, for intervenor Office of People's Counsel.

Before NEWMAN, Chief Judge, and KERN and MACK, Associate Judges.

KERN, Associate Judge:

This consolidated case involves appeals of 21 assessment orders of the Public Service Commission ("PSC" or "Commission"). Each of these orders directed the Potomac Electric Power Company ("Pepco"), petitioner herein, to pay expenses of the Office of People's Counsel ("OPC") pursuant to D.C.Code 1981, § 43–612.[1] Pepco contends that these orders are unlawful, arbitrary, and unsupported by evidence. Because we find that the Commission neglected its duty properly to determine the reasonableness of the expenses at issue, we reverse and remand for further proceedings consistent with this opinion.

I. Procedural History

This appeal is the second in a series of cases dealing with the interpretation of D.C.Code 1981, § 43–612(a). That section provides that certain expenses of the Public Service Commission and the Office of People's Counsel shall be borne by the utilities as a special franchise tax and that the Commission may from time to time call on the relevant utility to deposit funds to cover assessable expenses.[2] In Formal Case No. 718, the Commission, considering petitions of Pepco, Washington Gas Light ("WGL") and OPC, addressed various issues related to these assessment provisions. In its final decision it found inter alia (1) that the Commission, and not OPC, is authorized to issue deposit orders by which to assess utilities for OPC's expenses, (2) that the Commission may not lawfully enforce deposit orders unless it has determined that the assessments sought are reasonable, (3) that utilities may be required to pay the cost of

1. This section was codified as D.C.Code 1973, § 43–412 at the time of issuance of the deposit orders involved here.

2. Section 612(a) provides the following:

The expenses, including the expenses of the Office of the People's Counsel, of any investigation, valuation, revaluation, or proceeding of any nature by the Public Service Commission of or concerning any public utility operating in the District of Columbia, and all expenses of any litigation, including appeals, arising from any such investigation, valuation, revaluation, or proceeding, or from any order or action of the Commission, shall be borne by the public utility investigated, valued, revalued, or otherwise affected as a special franchise tax in addition to all other taxes imposed by law, and such expenses with interest at 6 per centum per annum may be charged to operating expenses and amortized over such period as the Commission shall deem proper and be allowed for in the rates to be charged by such utility. When any such investigation, valuation, revaluation, or other proceeding is begun the said Public Service Commission may call upon the utility in question for the deposit of such reasonable sum or sums as in the opinion of said Commission, it may deem necessary from time to time until the said proceeding or the litigation arising therefrom is completed, the money so paid to be deposited in the Treasury of the United States to the credit of the appropriation account known as "miscellaneous trust fund deposit, District of Columbia" and to be disbursed in the manner provided for by law for other expenditures of the government of the District of Columbia, for such purposes as may be approved by the Public Service Commission; or certified by the People's Counsel with respect to his expenses.

private attorneys engaged by OPC, (4) that utilities may not be assessed for the basic operating expenses and salaries of OPC, and (5) that utilities may not be assessed for any costs of OPC investigations that are not pending before the Commission. This court, in *Washington Gas Light Co. v. Public Service Commission of the District of Columbia,* D.C.App. (No. 81–302, 303, and 305 [decided this date]), by a divided panel, has affirmed the Commission's interpretation of § 43–612(a) on these issues.

Following issuance of the Commission's decision in Formal Case No. 718, OPC sought to assess Pepco for various expenses by filing with the Commission numerous requests for deposit orders in relation to seven PSC proceedings.[3] Pepco filed objections on the primary grounds that the expenses failed to meet the statutory requirement of reasonableness as set forth in § 43–612. Specifically, Pepco argued that certain requests encompassed expenses for multiple lawyers and law firms hired by OPC in a single proceeding before the Commission to perform duplicative work. Other requests, according to Pepco, referred to expenses for unnecessarily incurred or ill-defined work with no supporting documentation. Pepco further argued that some expenses were based upon unreasonable rates of compensation and that some requests improperly sought to assess the utility for basic operating expenses and salaries of OPC. Three requests were improper, in Pepco's view, because they concerned expenses for work to be performed only after the Commission approved the requests, while certain other requests encompassed expenses for work not within the scope of the proceeding in which the order was sought and expenses incurred by parties other than OPC.

The Commission issued orders which directed payment by Pepco of the entire amount of OPC's requests in 20 out of 21 instances.[4] The amounts assessed under these orders totaled $654,370.[5] The orders did not address Pepco's objections and did not explain the basis for a determination of the reasonableness of the amounts assessed. The Commission denied Pepco's application for reconsideration of each order. Pepco then petitioned this court for review of each of the 21 orders, and the appeals were consolidated. OPC and Washington Gas Light intervened in this appeal pursuant to D.C. App.R. 15(g).[6]

## II. APPEALABILITY

Because of contentions raised by respondent PSC, we find it appropriate first to address the appealability of the Commission's deposit orders. Prior to argument of this appeal the Commission filed a motion to dismiss the consolidated appeals on the ground that the orders are not final orders as required by D.C.Code 1981, § 43–905 and hence are not appealable. Section 905 provides that "[a]ny public utility or any other person or corporation affected by any final order or decision of the Commission" may file an appeal with this court.

We have held that to be a final order subject to immediate review, an order must "impose an obligation, deny a right or fix some legal obligation as a consummation of the legal process." *Washington Urban League, Inc. v. Public Service Commission,* D.C.App., 295 A.2d 906, 908 (1972) (quoting *Chicago & Southern Air Lines, Inc. v.*

---

3. The assessment requests refer to expenses incurred or to be incurred in Formal Cases Nos. 712, 715, 737, 748, 757, 758 and 759, regulatory and investigatory matters before the PSC involving Pepco.

4. In Request No. 117c involving Formal Case No. 748, the Commission reduced the amount requested by $45,000, but approved the rest of the request, an amount of $228,000, despite Pepco's objection to the entire amount.

5. In the first nine months of 1981 the Commission at the request of OPC issued assessment orders amounting to approximately $2,000,000.

6. OPC intervened as a matter of right because it was a party in the cases below. Upon motion WGL was granted permission to intervene on grounds that its rights and interests will be affected by the disposition of this appeal.

*Waterman SS Corp.,* 333 U.S. 103, 113, 68 S.Ct. 431, 437, 92 L.Ed. 568 (1948). *See Goodman v. Public Service Commission,* 151 U.S.App.D.C. 321, 323, 467 F.2d 375, 377 (1972); *Environmental Defense Fund, Inc. v. Ruckelshaus,* 142 U.S.App.D.C. 74, 79 n. 8, 439 F.2d 584, 589 n. 8 (1971). It is not necessary that an order be issued at the conclusion of a proceeding; a "final" order may be issued and reviewed at any point during a Commission proceeding. *Goodman v. Public Service Commission, supra,* 151 U.S.App.D.C. at 323, 467 F.2d at 377.

■ The assessment orders involved here impose an immediate, definite legal obligation upon Pepco to pay substantial amounts, *viz.,* almost $700,000. The duty to pay this significant sum resulted as the consummation of an administrative process, which involved the submission of assessment requests by OPC, filed objections by Pepco, and approval by the Commission. The obligation is not contingent upon the outcome of any of the substantive matters at issue in the seven Commission proceedings to which they are related. We find this appeal analogous to the award of attorney's fees during the course of proceedings at the trial court level, which this court has held to be "in all respects a final order." *Guerrero v. Shafritz,* D.C.App., 206 A.2d 262, 263 (1965). Thus we deem the orders final for the purpose of an appeal to this court.[7]

The Commission concedes that the 21 orders impose an obligation on Pepco. It points, however, to two other factors which courts have considered in deciding whether an order issued in an ongoing proceeding is final for purposes of appeal. Courts have examined whether judicial review will unduly disrupt the orderly process of the underlying administrative proceeding. *See American Dairy of Evansville, Inc. v. Bergland,* 201 U.S.App.D.C. 266, 274, 627 F.2d

1252, 1260 (1980). Another factor that warrants consideration is whether postponing review will cause irreparable harm to the interests of the party seeking review. *See Trans-Pacific Freight Conference of Japan v. Federal Maritime Board,* 112 U.S.App. D.C. 290, 292, 302 F.2d 875, 877 (1962); *People's Counsel v. Public Service Commission,* D.C.App., 414 A.2d 516, 518 (1980).

Contrary to the Commission's argument, we find that immediate judicial review of the assessment orders will not interfere with the orderly conduct of ongoing Commission proceedings below. The questions involved in the underlying proceedings are completely distinct and separate from the question of the reasonableness of assessed expenses. Furthermore, considering the large size of the assessments and the special issues involved in this case, we find that delay in review would cause Pepco and the consumers to whom its costs are passed on irreparable harm.

Our conclusion in this case is consistent with the comments of the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), when the Court noted the following:

This decision appears to fall in that small class which finally determines claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause to require that appellate consideration be deferred until the whole case is adjudicated....

We hold this order appealable because it is a final deposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it. [*Id.* at 546–47, 69 S.Ct. at 1225–1226.]

---

7. We note that, although the appealability of assessment orders is not an issue which we have directly addressed, this court has in fact reviewed such orders. *See C & P Telephone Co. v. PSC,* D.C.App., 339 A.2d 710 (1975). Other jurisdictions have also found similar assessment orders to be final orders subject to judicial review. *See Greene County Planning Bd. v. FPC,* 455 F.2d 412 (2d Cir.), *cert. denied,* 409 U.S. 849, 93 S.Ct. 56, 34 L.Ed.2d 90 (1972); *United Gas Pipe Line Co. v. Louisiana PSC,* 279 So.2d 195 (La.1973); *Bronx Gas & Electric Co. v. Maltbie,* 268 N.Y. 278, 197 N.E. 281 (1935).

### III. REVIEW OF EXPENSES BY PSC

In this appeal, Pepco's major contention is that the Commission failed properly to review the reasonableness of the expenses sought to be assessed against it. In addition, Pepco raises the following specific allegations: (1) that the Commission erred in directing it to pay OPC's expenses for attorneys and consultants which have been incurred for duplicative, unnecessary, undocumented, and ill-defined work, for work performed at unreasonable rates of compensation, and for work for which Commission approval is sought as a precondition to performance of work; (2) the Commission erred in directing Pepco to pay for basic operating expenses and salaries of OPC; (3) the Commission erred in directing Pepco to pay for expenses outside the scope of a Commission proceeding; and (4) the Commission erred in directing Pepco to pay expenses of parties other than the Commission and OPC.

Authority for the Commission's review of OPC's requests for deposit orders is found in D.C.Code 1981, § 43–612(a). That section authorizes the Commission to "call upon the utility in question for the deposit of such *reasonable* sum or sums as in the opinion of said Commission, it may deem necessary ...." D.C.Code 1981, § 43–612(a) (emphasis supplied). In *Washington Gas Light Co. v. Public Service Commission,* supra, as noted above, we have affirmed the Commission's conclusion that this section imposes upon PSC the authority and *duty* to assess the reasonableness of OPC requests before ordering expense deposits.

■ This court's review of the Commission's issuance of deposit orders pursuant to its determination of the reasonableness of requests is limited to a determination of whether the Commission's decision is unreasonable, arbitrary, or capricious. D.C.Code 1981, § 43–906. The arguments and record before us indicate that all the expenses

approved by the Commission may not be reasonable. Our review is hindered, however, by the Commission's summary treatment of its duty to assess the reasonableness of these expenses. The deposit orders entered by the Commission contain no statement of reasons supporting the allowance of these expenses. It is not apparent from the record before us that the Commission has employed meaningful criteria by which to determine reasonableness, rather than uncritically approving the amounts requested by OPC.

■ Because it is the Commission's duty to assess reasonableness, *Washington Gas Light Co. v. Public Service Commission,* supra, and because the incomplete record before us would not permit this court properly to review the Commission's decisions as to each of the 21 assessment requests, *see Washington Public Interest Organization v. Public Service Commission,* D.C.App., 393 A.2d 71, 76–79 (1970), *cert. denied sub nom. Potomac Electric Power Co. v. Public Service Commission,* 444 U.S. 926, 100 S.Ct. 265, 62 L.Ed.2d 182 (1979), we find it necessary to remand to the Commission for a meaningful review of the requests.[8]

We find it appropriate, however, in light of the record before us, to establish some general guidelines regarding reasonableness of expenses. The specific contentions of Pepco and Washington Gas Light point out that certain of the OPC expenses allowed by the Commission may be unreasonable. Below we discuss each of these contentions and set forth considerations that are necessary to an adequate determination of reasonableness.

#### A. *Attorney's and Consultant's Fees*

Many of the deposit orders indicate that OPC expended substantial amounts of money in hiring multiple lawyers and law firms within a single proceeding before the Commission. Petitioner Pepco and WGL, as intervenor, complain that the assessment

---

8. Although we hold that the Commission is required to issue statements of findings and conclusions as to each deposit order, we note that the degree of detail and discussion required in this context is not as great as that mandated in a rate case, which involves the Commission's primary function, *i.e.,* rate regulation.

requests did not state the specific responsibilities or division of work that the various lawyers and firms performed. They argue that OPC did not support their requests with adequate documentation, but merely submitted contracts with generalized statements of services to be performed. The necessary conclusion, according to the utilities, is that the Commission allowed expenses for overprepared, disorganized, and duplicative work.

■ We cannot create a *per se* rule, as WGL urges, barring OPC's practice of using multiple law firms in the same case. However, we do find it *per se* unreasonable for OPC to hire lawyers to perform *duplicative* work. The duplication of work efforts by various attorneys results in expenses which the Commission surely cannot "deem necessary." D.C.Code 1981, § 43–612. In light of the history of OPC's creation, it is illogical to conclude that the Commission may give free reign to OPC's use of outside counsel by approving amounts expended for unnecessary, overprepared work.[9]

■ In order for the Commission to conduct a meaningful review of the reasonableness of the attorney's fees sought by OPC, it must be able to ascertain as precisely as

is practicable what legal services are involved. The requisite degree of specificity necessarily depends on whether expense requests are considered before or after the work is performed.[10] Obviously, less precision is possible in estimating future needs than in reporting work already performed. But even where, as in this case, expenses are approved in advance, the mere submission of a contract containing vague "boilerplate" provisions is insufficient to justify a conclusion that the attorney's fees are reasonable.[11] The Commission must be informed more specifically of the tasks involved, the time to be expended for each service, and the charge of the attorney or law firm for that time or that service. Only when the Commission has such information at hand can it begin to assess reasonableness and ensure that amounts are not being expended unnecessarily for duplicative efforts.

■ When the Commission conducts its review for attorney's fees, it must consider the appropriateness of the work in conjunction with the time involved and rates charged. The nature of the proceeding, the quality of the representation, and the customary expenditures required for services in similar cases are other factors which

9. Senate Report No. 93–1349, which dealt with the creation of the OPC, stated the following:
 In addition to these basic expenses, the D.C. People's Counsel will be permitted to assess expenses incurred in specific utility proceedings against the company involved .... The Public Service Commission has informed the Committee that such expenses range between $75,000 and $100,000 per proceeding for the entire Commission.... It is estimated that an additional $25,000 to $50,000 in assessments *per year* would be incurred by the People's Counsel. [S.Rep. No. 1349, 93d Cong., 2d Sess. 9 (1975). App. at 96. (emphasis supplied).]
 Congress obviously was not anticipating the widespread expenses involved here, which include assessments in excess of $200,000 for OPC expenses in a *single* proceeding.

10. In Part IIIB we reject Pepco's contention that expense requests for future services are necessarily unreasonable. We conclude instead that it is within the sound discretion of

the Commission to determine whether particular requests must be delayed until after services are performed.

11. An example of such a contract provision is the following statement in the contracts between OPC and an attorney regarding performance of legal services in Formal Case Nos. 757, 758 and 759:
 Contractor shall provide legal assistance and counsel to the Office of People's Counsel ... in matters relating to Formal Case # 757.... Specifically, contractor shall assist in the preparation of comments and responses and provide analysis to the office in this matter. [Record at 158.]
 This two-sentence statement was the sole explication of the legal services to be performed. OPC contracted with another law firm to perform services in the same three cases. The contracts with that firm contained identical performance provisions to the above.

should be considered by the Commission when reviewing the OPC requests. We do not here set forth a complete list of specific factors which must be considered by the Commission as to every request for attorney's fees, although we recommend that the Commission consider those factors approved by the Court of Appeals for the D.C. Circuit for determining the reasonableness of attorney's fees in the calculation of awards under various federal statutes. *See, e.g., National Association of Concerned Veterans v. Secretary of Defense,* 219 U.S.App.D.C. 94, 675 F.2d 1319 (1982); *Environmental Defense Fund, Inc. v. Environmental Protection Agency,* 217 U.S.App.D.C. 189, 672 F.2d 42 (1982); *Copeland v. Marshall,* 205 U.S.App.D.C. 390, 641 F.2d 880 (1980) (en banc); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).[12]

■ Because these standards were developed for purposes of post-hoc fee awards, they are particularly relevant when expense requests are made at the close of a proceeding. However, many of the same factors can also be applied at the outset of a case, albeit with less specificity. What we deem indispensable is that the Commission review the OPC requests for attorney's fees in accord with reasonable criteria and that its deposit orders reflect the precise reasons supporting the approval of any amounts. Provided with such a statement of reasons, this court can be assured that the Commission has fulfilled its statutory obligation of review and we will be able to conduct our limited review to ensure that the Commission's action has not been arbitrary or capricious.

■ Consultant fees assessed against the utilities must also comply with the general guidelines discussed above. It is necessary that the Commission be informed of the specific nature of the services to be performed by the consultant or expert. In addition, the Commission must provide a statement of reasons supporting its determination of reasonableness. As with attorney's fees, of course, the Commission must safeguard against unreasonable rates of compensation.[13]

## B. *Timing of Review*

Pepco argues that certain of OPC's requests for deposit orders improperly sought

---

12. In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), the court delineated the following criteria which should guide district courts in the determination of allowable attorney's fees:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment; (5) the customary fee in the community for similar work; (6) the fixed or contingent nature of the fee; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. [*Copeland v. Marshall,* 205 U.S.App.D.C. 390, 399, 641 F.2d 880, 889 (1980) (quoting *Johnson v. Georgia Highway Express, Inc., supra* at 717–19.)]

In *Copeland v. Marshall, supra* 205 U.S.App.D.C. at 399, 641 F.2d at 889, the D.C. Circuit stated that these factors are *central* to *any* fee award. We note that the contingency factor has no relevance in the present case because reasonable expenses may be recovered regardless of whether or not OPC prevails in its position in Commission proceedings.

13. Specifically, Pepco challenges four deposit orders which deal with the fees of Jessie Buggs, Jr. Pepco argues that Buggs' compensation of $55 per hour exceeds that of the basically clerical and office work which he performed. This argument is based on two contentions. First, Pepco contends that the reasonable hourly rate is that prevailing in the community for similar work. *See Copeland v. Marshall, supra* at 402, 641 F.2d at 892. In addition, it points out that the *nature* of the work performed rather than the person who performs it should determine the range of appropriate hourly rates. *See Johnson v. Georgia Highway Express, Inc., supra* at 717. We agree with these two contentions. On remand, it is the function of the Commission to determine whether the work of Mr. Buggs was clerical or otherwise and to assess the reasonableness of this fee in light of the work performed in accordance with the guidelines above.

approval by PSC in advance of the beginning of work under a particular contract.[14] According to Pepco, these requests were an attempt to force the Commission to approve the requests in order to avoid delays in completion of the proceedings. WGL further contends that assessment of expenses of attorneys and consultants in advance of performance of services is *per se* improper.

 Although the Commission should always give as thorough a review as possible, we are unable to conclude that assessment of expenses in advance of performance may never be ordered by the Commission. It is up to the Commission, in considering the special circumstances of a particular request, to determine the reasonableness of assessment in advance of performance and to ascertain whether it deems this advance necessary. Correspondingly, determination of when approval of a request must be delayed until after services are performed is primarily a matter for the Commission. We stress, however, that the advanced timing of its review in such cases does *not* relieve the Commission from its duty of assessing the reasonableness of expenses and explaining the basis for a conclusion of reasonableness. An approval of a large amount of ill-defined expenses to be incurred in the future is clearly improper.[15] Again, we note, provided that the Commission fulfills its duty of providing adequate findings and conclusions, our review of its choice with regard to timing of requests will be limited.

### C. Assessment of Regular and Basic Operating Expenses

In Formal Case No. 718 the Commission held that the term "expenses" in D.C.Code 1981, § 43–612 does not include the basic operating expenses or salaries of OPC which are already covered by appropriations even when these costs are incurred in connection with a pending proceeding. The utility may be assessed, however, for "extraordinary incremental expenses" associated with a pending proceeding in which it is involved. In *Washington Gas Light Co. v. Public Service Commission, supra,* we have affirmed this aspect of the Commission's interpretation of expenses.

Pepco asserts that various deposit orders approved by the Commission included expenses that were basic operating expenses and hence not assessable against it. Specifically, Pepco criticizes expenses for services of one consultant who was responsible for the administration of financial and budget records for several proceedings and another consultant who provided technical analysis with respect to several proceedings.[16] In addition, Pepco argues that certain expenses for delivery, postage, duplication, and typing were improperly assessed.[17]

 As we stated in *Washington Gas Light Co. v. Public Service Commission, supra,* those expenses which may be assessed against the utilities may include supplies, equipment, and services. The assessment statute includes no express limits on the *kinds* of items that are reimbursable. What is required for expenses to be assessed are (1) that these expenses are not

---

**14.** The requests for deposit orders Nos. 122A, 122B, and 122E in Formal Case No. 757 state the following:

> The contractor covered by this assessment request will not begin work under this contract until assessment is approved by the PSC. [Record at 212, 219, 230.]

**15.** The legislative history demonstrates that it was not intended that such open-ended approvals of huge sums be allowed:

> Under the terms of the bill, when an investigation, rate case, or valuation proceeding is instituted, the Public Utilities Commission may call upon the company affected for the

deposit of a reasonable sum of money necessary to cover the initial expense, with additional calls as the work progresses. [S.Rep. No. 644, 69th Cong., 1st Sess. 2 (1926). App. at 75.]

**16.** Pepco questions the provision for expenses of Robert New's services in Deposit Orders Nos. 120A, 121A, 122E, and 117B and those of Jesse Buggs, Jr. in Deposit Orders 122D, 120C, 121C, and 117E.

**17.** In regards to this contention, Pepco objects to Deposit Orders 122E, 120A, and 121A.

already covered by appropriations, and (2) that these expenses are episodic, rather than ongoing. The expenses must be associated with a particular proceeding or investigation.[18]

█ On the record before us we are unable to ascertain whether the expenses involved were in fact episodic. Instead, the possibility exists that these expenses were related to normal day-to-day expenditures or to administrative duties which otherwise would be performed in an on-going fashion by a member of OPC staff. The record does not reflect that the Commission in fact reviewed these requests to ascertain their reasonableness or to ensure that the expenses were in accord with the Commission's own requirements in regard to basic versus episodic expenses, as explained in Order No. 7211. Accordingly, we remand to the Commission for a meaningful review of these deposit orders and a statement of reasons supporting the propriety of these expenses.

### D. Expenses Outside the Scope of the Commission Proceeding

█ Pepco contends that PSC ignored another aspect of its own interpretation of the assessment statute when it issued Deposit Order No. 117F, encompassing expenses for an investigation outside the scope of the proceeding in which the assessment was sought. In *Washington Gas Light Co. v. Public Service Commission, supra,* we have affirmed the Commission's determination that the utilities are required to bear only those OPC expenses that are incurred in connection with matters pending before the PSC or investigations initiated by it. Pepco argues that the services involved in Deposit Order No. 117F dealt with matters that were not an issue in Formal Case No. 748, the proceeding in which the assessment was sought. We re-

mand to the Commission for a determination on the record as to whether this expense was in fact properly incurred in connection with a PSC matter or investigation.

### E. Expenses of Other Parties

We turn now to Pepco's final contention. Pepco argues that the Commission in Deposit Order No. 104B allowed expenses for legal fees incurred by 16 parties other than OPC. The Commission agrees that D.C. Code 1981, § 43–612(a) does not permit assessment for the litigation expenses of intervenors. *See Chesapeake and Potomac Telephone Company v. Public Service Commission,* D.C.App., 339 A.2d 710 (1975). The Commission points out, however, that these 16 other parties intervened only nominally in the appeal undertaken from Formal Case No. 715. According to the Commission, OPC was in control of this appeal and the law firm which wrote the briefs did so only under the direction of OPC; "the intervenors were merely permitted to sign on to add prestige to the brief." (PSC brief at 24.)

█ We agree with the Commission that expenses which were incurred under the *sole* direction of OPC, if otherwise reasonable, are properly assessable. We do not agree that the Commission is free to deny Pepco's objection on these grounds without offering an explanation of its reasons. To allow the Commission to proffer its reasons only later on an appeal to this court would be to permit the Commission to neglect its statutory duty to fully assess the reasonableness of expenses. Accordingly, on remand of this order, along with the other 20 orders, for a proper determination of reasonableness, the Commission should state its findings in regard to the issue of whose expenses were involved in Formal Case No. 715.

---

18. As the Commission stated in its Order No. 7211 in Formal Case No. 718 at 6:

An extraordinary incremental expense of the sort herein discussed, however, may not be established by using cost accounting techniques to allocate basic operating expenses and salaries to various proceedings before this Commission. In order to be assessible, the expense must be episodic, and not one provided for by the appropriations process.

### IV.

In conclusion, we reiterate the general principles that we have discussed above. It is the statutory duty of the Public Service Commission to assess the reasonableness of expenses of the Office of People's Counsel. On remand, the Commission must ensure that the fees of attorneys and consultants do not relate to duplicative, unnecessary work. It must also satisfy itself that OPC is not improperly requesting that the utility here be charged with regular and basic operating expenses, with expenses outside the scope of Commission proceedings, or expenses of intervenors. If the Commission conducts a review according to these criteria,[19] our review in the future will be of a limited nature. The provision of a statement of reasons, in accordance with these principles, will allow us to determine that the Commission has not acted arbitrarily, capriciously, or unreasonably.

Accordingly, we remand to the Public Service Commission and direct that it conduct a meaningful review of the deposit orders on appeal herein in accordance with this opinion. Any amounts unlawfully assessed must be refunded to Pepco pursuant to certification by the Commission to the Mayor of the District of Columbia that the tax was erroneously collected, following the procedure specified by D.C.Code 1981, § 47–1317.[20]

*So ordered.*

---

**19.** The Commission has noted in its brief that it has undertaken proceedings to establish substantive and procedural rules governing the filing of OPC assessment requests and Commission decisions on deposit orders. We stress that these proposed rules must be consistent with the guidelines established herein.

**20.** D.C.Code 1981, § 43–612 provides that the assessments against the utilities are paid "as a special franchise tax in addition to all other taxes imposed by law." D.C.Code 1981, § 47–1317 empowers the Mayor of the District of

Columbia to cause all erroneously paid taxes to be refunded upon certification of "the nature of the error, the name of the person or persons by whom such excessive payment was made, and such other particulars as may be necessary to satisfy the accounting officers that such claim for reimbursement is just and equitable ...." The refund is charged to the fund which was credited with the erroneous payment, in this case the miscellaneous trust fund deposit, District of Columbia. *See* D.C.Code 1981, § 43–612.